THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Charles Adams, Respondent,
 
 
 

v.

 
 
 
 The State, Appellant.
 
 
 

Appeal From Horry County
Steven H. John, Circuit Court Judge

Unpublished Opinion No. 2009-UP-345
 Submitted June 1, 2009  Filed June 22,
2009
Withdrawn, Substituted and Refiled
September 18, 2009

Affirmed

 
 
 
 Michael J. O'Sullivan, of Conway, for Appellant.
 Gregory Scott Bellamy, of Conway, for Respondent.
 
 
 

PER CURIAM:  The
 State appeals the circuit court's denial of its motion to dismiss Charles
 Adams's appeal for failure to provide sufficient notice of appeal to the
 magistrate.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  S.C. Code Ann.
 § 14-5-340 (1976) (providing that the circuit court has jurisdiction to
 "hear appeals from magistrates' courts . . . to the court of general
 sessions and the court of common pleas, upon notice as required by law being
 given for the hearing of such appeals"); S.C. Code Ann. § 18-3-30 (1985)
 (providing that to perfect an appeal from a decision of the magistrates' court,
 the appellant must "within ten days after sentence, serve notice of appeal
 upon the magistrate who tried the case, stating the grounds upon which the
 appeal is founded"); See Ramage v. Ramage, 283 S.C. 239,
 244, 322 S.E.2d 22, 25 (Ct. App. 1984) (finding an appellate court may
 consider a vague or general exception if the exception is reasonably clear from
 the appellant's arguments); Bartles
 v. Livingston, 282 S.C. 448, 464, 319 S.E.2d 707, 716 (Ct. App. 1984)
 ("The standard which guides [an appellate court] is whether, despite the
 improperly framed exception, the issue sought to be raised is reasonably clear
 to [the appellate court] and the adverse party.").
AFFIRMED.
WILLIAMS and LOCKEMY, JJ., and Cureton, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.